UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIK LANCE JOHNSON,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA *ex rel* FEDERAL BUREAU OF INVESTIGATION (FBI),<br><br>Defendant. | Case No. 3:25-cv-00192-ART-CLB<br><br>ORDER ON MOTION TO DISMISS (ECF No. 17) |

Plaintiff Erik Lance Johnson brings this Federal Torts Claims Act ("FTCA"), action against the Government alleging negligence. (ECF No. 1.) Before the Court is Defendant United States of America, ex rel. Federal Bureau of Investigation ("FBI")'s Motion to Dismiss (ECF No. 17) on the grounds that Plaintiff's claim is untimely under 28 U.S.C. § 2401(b). For the reasons stated, the Court denies the motion.

**I. Factual Background**

Mr. Johnson alleges that, on December 8, 2022, he was injured in a car accident involving an FBI vehicle, driven by Francisco Bautista, an FBI employee. (ECF No. 1 at 1-2.) The collision resulted in injuries to Mr. Johnson and property damage to his car. (*Id.*) Plaintiff alleges that on December 19, 2024, the FBI issued a denial of Plaintiff's personal injury claim, noting that it had previously paid the related property damage claim to Plaintiff's insurance company. *Id.* He further alleges that pursuant to the FTCA and 28 C.F.R. § 14.9(a), he timely filed suit within six months of the December 19, 2024 denial. *Id.*

## II. Legal Standard

### A. Motion to Dismiss

The Government brings its Motion to Dismiss under Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction. (ECF No. 17.) A 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* In a factual attack, the moving party disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.*

### B. FTCA Framework

The FTCA waives the sovereign immunity of the United States for actions in tort and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (citation and internal quotations omitted). The FTCA requires that before an individual can file an action against the United States in district court, he must seek an administrative resolution of his claim. *Id.*; *see* 28 U.S.C. § 2675(a). The FTCA contains a statute of limitations, which provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). While exhaustion of administrative remedies is a jurisdictional requirement, *see Valadez-Lopez*, 656 F.3d at 855, the statute of limitations is "a nonjurisdictional claim-processing rule," *United States v. Wong*, 575 U.S. 402, 420 (2015).

## III. Analysis

The Government moves to dismiss for lack of jurisdiction under Rule

12(b)(1) arguing that Plaintiff's Complaint is untimely because he failed to file within six months of being sent a final denial. (ECF No. 17.) Plaintiff instead claims that the March 2023 submission was rejected for being incomplete and failing to include a letter of representation from counsel as required by 28 C.F.R. § 14.2(a). (ECF No. 18 at 3.) Plaintiff argues that he cured those deficiencies in his December 4, 2024, claim, which was considered and denied without reference to the earlier submission, suggesting that the FBI considered the March 2023 submission defective and December 2024 as properly filed. (*Id.* at 4.) Plaintiff therefore argues that the motion should be denied for three reasons: 1) the statute of limitations is non-jurisdictional so dismissal under Rule 12(b)(1) would be improper; 2) the Government, despite relying on documents outside the Complaint, did not move to convert the motion to one for summary judgment under Rule 56; and 3) if his claim is deemed untimely, he is entitled to equitable tolling. (*Id.*)

### A. The Court Declines to Dismiss on Jurisdictional Grounds

The Government moved to dismiss under Rule 12(b)(1) for lack of jurisdiction. The Government's sole argument is that Plaintiff's Complaint is untimely because Plaintiff failed to file suit "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim" by the FBI, as required by 28 U.S.C. § 2401(b). The Supreme Court had held that the FTCA's statute of limitations is "a nonjurisdictional claim-processing rule subject to the presumption in favor of equitable tolling." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013), *aff'd United States v. Wong*, 575 U.S. 402, 420 (2015). In light of *Wong*, Plaintiff correctly argues that "a timeliness challenge under § 2401(b) cannot be raised through Rule 12(b)(1)," and must instead be analyzed as a motion to dismiss for failure to state a claim under Rule 12(b)(6) (ECF 18 at 4.) The Government does not respond to this argument and the Court declines to treat the motion to one asserted under Rule 12(b)(6).

**B. Reliance on Documents Outside the Complaint**

Even assuming the motion should be analyzed under Rule 12(b)(6), the Government relies on documents outside of the Complaint without moving to convert the motion to one under Rule 56. (ECF No. 17.) Plaintiff argues that dismissal at the pleading stage is proper only when, accepting the allegations as true, no set of facts could establish timeliness or tolling. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (a "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim"). Here, Plaintiff alleged that he filed a claim with the FBI, which it denied on December 19, 2024, and that his suit was timely filed "within six months of the December 19, 2024, denial." (ECF No. 1.) On the basis of the Complaint alone, dismissal would be improper.

The Government's argument turns on the interpretation of three documents that are not referenced in the Complaint. Relying on those documents, the Government argues that Plaintiff submitted a claim to the FBI on March 28, 2023, which it denied two days later by certified letter. (ECF No. 17-1, 17-2, 17-3). The Government argues that Plaintiff's claim is untimely because he failed to file suit within six months of that March 2023 denial. Plaintiff counters that the March 2023 submission was rejected for being incomplete and failing to include a letter of representation from counsel as required by 28 C.F.R. § 14.2(a). Plaintiff maintains that he cured those deficiencies in his December 4, 2024, claim, which the FBI denied without reference to the earlier submission.

The Government did not move the Court to convert its Motion to Dismiss into a Rule 56 motion. Rule 12(d) provides that, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Having declined to convert the Government's

12(b)(1) motion into one under 12(b)(6), the Court will not exercise its discretion to treat the motion as one for summary judgment under Rule 56.

**C. Equitable Tolling**

Plaintiff argues that his claim was timely filed within six months of the final denial on December 19, 2024, that the March 2023 denial was not a final denial, and, even it was, he is entitled to equitable tolling. Plaintiff argues that in March 2023 "after prompting from the FBI," he submitted a claim to the FBI, which it quickly denied, citing deficiencies. (ECF No. 18-2 at 2.) The FBI stated that his claim was "incomplete," the office had "not received a formal letter of representation from Richard Harris Law Firm, nor was the SF-95 complete with property damage, as well as personal injury."(*Id.*) Plaintiff argues that it was reasonable for him to believe that the agency was requesting that he submit a complete claim that met the necessary requirements, which he did in December 2024. (ECF No. 18 at 9.) The agency considered that claim on the merits. (*Id.* at 8.)

Equitable tolling is designed "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). To invoke the doctrine of equitable tolling, a plaintiff must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd United States v. Wong*, 575 U.S. 402 (2015). "Reasonable diligence requires the effort that a reasonable person might be expected to deliver under their particular circumstances." *Id.* (cleaned up). "The doctrine is not available to avoid the consequence of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Redlin*, 921 F.3d at 1140. Equitable tolling is typically appropriate when a litigant is unable to timely file due to "external circumstances beyond their direct

control." *Kwai Fun Wong*, 732 F.3d at 1052. The burden is on the plaintiff to demonstrate that equitable tolling is appropriate. *United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999).

The Ninth Circuit has stated that "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue" since "generally, the applicability of equitable tolling depends on matters outside the pleadings." *Keller v. United States*, 2016 WL 3519535, at *2 (D. Ariz. Jun. 28, 2016) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-4 (9th Cir. 2006)). For that reason, the Ninth Circuit has also stated that "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). In *Keller*, the court anticipated that the equitably tolling would be resolved by summary judgment after limited discovery on that issue. *Id.* at *2.

The Court finds that here the resolution of the issue of equitable tolling is a factual inquiry that would be better suited for summary judgment rather than this earlier procedural stage.

**IV. Conclusion**

It is therefore ordered that the Defendant's Motion to Dismiss (ECF No. 17) is DENIED.

Dated this 21st day of September, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE